UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WAYNE COOKE | : | NO.: 3:19-CV-00371 (VAB) |
| | : | |
| v. | : | |
| | : | |
| DANIEL SHAPIRO, ET AL. | : | MAY 23, 2019 |

## RULE 26(f) REPORT OF PARTIES PLANNING MEETING

**Date Claims Filed:** Wayne Cooke commenced an action against the Daniel Shapiro, Diana Ross, and Milone & MacBroom, Inc., in the United States District Court, dated March 8, 2019 and filed March 11, 2019 [Doc. 1].

**Date Claims Served:** The Complaint was served on the Defendants Daniel Shapiro and Diana Ross on March 27, 2019 and on the Defendant Milone & MacBroom, Inc., on March 27, 2019.

**Date of Defendants' Appearance:** Defendants Shapiro and Ross appeared on April 8, 2019. Defendant Milone & MacBroom, Inc. appeared on May 8, 2019.

**Date Defendants' Answer**: Defendants Shapiro's and Ross' filed their answer and affirmative defenses on May 17, 2019 [Doc. 16]. Defendant Milone & MacBroom filed a Motion to Dismiss on May 17, 2019 [Doc. 17].

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), and Local Civil Rules 16 and 26(f), the parties conferred on May 23, 2019. David S. Doyle, Esq., participated for the Plaintiff, Wayne Cooke. Katherine E. Rule, Esq. participated for Defendants Daniel Shapiro and Diana Ross. Timothy W. Donahue, Esq. participated for Defendant Milone & MacBroom, Inc.

**I.    CERTIFICATION:**

The undersigned parties certify that, after consultation with their clients, they discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, developed the following proposed case management plan.  Counsel further certify that they forwarded a copy of this report to their respective clients.

**II.    JURISDICTION:**

**A.    Subject Matter Jurisdiction of Plaintiff.**

Subject matter jurisdiction arises from the plaintiff's assertion of claims under 42 U.S.C. §1983, and §1988 and the First and Fourth Amendment to the U.S. Constitution. This court has jurisdiction pursuant to 28 U.S.C. §1343.  Plaintiff also asserts state law claims; this court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

**B.    Subject Matter Jurisdiction of Defendants Shapiro and Ross.**

Defendants Daniel Shapiro's and Diana Ross' position is that the Court lacks subject matter jurisdiction, since the plaintiff, in his individual capacity, does not have standing to assert the alleged claims.

**C.    Subject Matter Jurisdiction of Defendant Milone & MacBroom, Inc.**

As forth in its pending Motion to Dismiss, Defendant Milone & MacBroom's position is that the Court lacks subject matter jurisdiction, since the plaintiff, in his individual capacity, does not have standing to assert the alleged claims.

**D.    Personal Jurisdiction.**

Personal Jurisdiction is not contested.

### III.     BRIEF DESCRIPTION OF THE CASE:

#### A.     Claims of the Plaintiff.

Plaintiff claims that defendant Diana Ross while functioning in her capacity as the Town of Branford's Inland Wetlands environmental director, and defendant Daniel Shapiro, acting as chairman of Branford's Inland Wetland's Commission, interfered improperly with an inland wetlands application involving the proposed construction of a Costco store on property owned in part by the plaintiff.  Plaintiff claims that defendants interference arose out of an animus against Cooke individually and not out of any particular bona fide objection to the proposal before the Commission.  Plaintiff claims that these defendants violated the First and Fourteenth Amendment when they corrupted the peer review process for that proposal by personally and directly intervening in that process to edit and alter the peer review report created by the defendant Milone & MacBroom. Inc.  Plaintiff claims that all defendants acted tortuously to interfere with Cooke's business expectancy.   Further, plaintiff claims that the defendants acted as part of a civil conspiracy.  As a result of the aforedescribed, Cooke suffered monetary damages when Costco withdrew its application when it learned of the conduct of these defendants.

#### B.     Defenses and Claims of Defendants Daniel Shapiro and Diana Ross.

Defendants Shapiro and Ross have asserted the following affirmative defenses:

1. The plaintiff has failed to state a claim upon which relief can be granted.
2. The plaintiff's claims are barred by the applicable Statute of Limitation pursuant to C.G.S. § 52-577.
3. The plaintiffs' claims against individuals are barred by the doctrine of Qualified Immunity.
4. The plaintiff's claims are barred by the doctrine of Collateral Estoppel.

3

5. The plaintiff's claims are barred by the doctrine of Res Judicata.

6. The plaintiff's claims are barred by a prior release executed by plaintiff.

7. The plaintiff's claims are barred by the Noerr-Pennington doctrine.

8. The plaintiff's claims are barred because all actions of defendants were protected by First Amendment activities or otherwise justified under law.

9. The plaintiff's claims are barred by the doctrine of Absolute Immunity.

10. The plaintiff lacks standing.

11. The plaintiff's claims are not ripe.

### C.     Defenses and Claims of Defendant Milone & MacBroom, Inc.

Defendant Milone & MacBroom, Inc. asserts the following claims and defenses:

1. Defendant denies all of the plaintiff's claims.

2. The claims against the Defendant are barred by the applicable statute of limitations set forth in C.G.S. §52-577.

3. The plaintiff has failed to properly allege a claim of Tortious Interference with Business Expectations as against the Defendant.

4. The plaintiff has failed to properly allege a claim of Civil Conspiracy as against the Defendant, Milone & MacBroom, Inc.

5. The plaintiff's claims are not ripe.

6. The defendant has not engaged in any discovery to date and therefore reserves the right to timely amend this section of the Rule 26 (f) report based on evidence learned through discovery.

## IV.    STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith effort to determine whether there are any material facts that are not in dispute. At this time, counsel have not identified any material facts not in dispute.

**V.     CASE MANAGEMENT PLAN:**

    **A.     Standing Order on Scheduling in Civil Actions.**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

    **B.     Scheduling Conference with the Court.**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    **C.     Early Settlement Conference.**

        1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

        2.  The parties do not request an early settlement conference at this time.

        3.  The parties prefer a settlement conference with a United States Magistrate Judge.

        4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    **D.     Joinder of Parties and Amendment of Pleadings.**

        1. Plaintiff and Defendants should be allowed until **JULY 1, 2019** to file motions to join additional parties.

        2. Defendants should be allowed until **AUGUST 1, 2019** to file a response to any Amended Complaint.

### E. Discovery.

1. The parties anticipate that discovery will be needed on the following subjects: All of the Plaintiff's claims, all of the affirmative allegations of the defenses, prior history of the parties, damages.

2. All discovery including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be commenced immediately and completed by **JUNE 1, 2020**.

3. Discovery will not be conducted in phases.

4. The parties will exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by **AUGUST 1, 2019**.

5. The parties anticipate that Plaintiff will require a total of up to twelve (12) depositions of fact witnesses; that Defendants Shapiro and Ross will require a total of ten (10) depositions of fact witnesses; and that Defendant Milone & MacBroom, Inc., will require a total of eight (8) depositions of fact witnesses; however, the parties may require more if rebuttal fact witnesses become necessary. The depositions will be completed by **JUNE 1, 2020**.

6. The parties may request permission to serve more than 25 interrogatories.

7. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **MAY 1, 2020**. Depositions of any such experts will be completed by **JULY 30, 2020**.

9. Defendants may call expert witnesses at trial. All Defendants will designate all trial experts and provide Plaintiff with reports retained from experts by **SEPTEMBER 2, 2020**. Depositions of such experts will be completed by **DECEMBER 1, 2020**.

10. A damage analysis will be provided by any party who has a claim or counterclaim for damages by **MAY 1, 2020**.

11. The parties agree to preserve electronically stored records in accordance with the Federal Rules of Civil Procedure, and agree to cooperate in good faith in an effort to agree on the format for production and the allocation of related costs. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

Unless otherwise agreed upon by the parties or ordered by the Court, both parties will make available any documents (if requested in the discovery process and otherwise non- objectionable) in electronic format and available for inspection in hard copy format for inspection by the other party or for copying at the other party's expense. The parties reserve the right to make appropriate objections to any discovery issued in accordance with the Federal Rules of Civil Procedure and applicable case law. Both sides agree to instruct the parties to preserve electronically stored records relating to this litigation. As more information becomes available, the parties will reach an agreement on costs of the electronic discovery.

12. The undersigned parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. If one party receives (whether through

7

inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, such party must provide written notification to the other party within 15 calendar days of the receipt of the same identifying such information and/or attaching such document(s) thereto. In response, the disclosing party has 15 calendar days to provide written notification to the non-disclosing party that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s). Alternatively, if the disclosing party is the one who initially learns that it has produced (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, the disclosing party must provide written notification to the other party within 15 calendar days of learning of the same that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s). Upon the receipt of any attorney-client privilege or work-product protection claim from the disclosing party, the non-disclosing party must (within 15 calendar days of the receipt of the assertion of such claim) either: (a) agree in writing to the disclosing party's assertion of such claim and return to the disclosing party any original document(s)(and destroy and not retain any copies of such original document(s)) and never make use of or otherwise disclose or publicize in any manner during the course of the litigation or otherwise any such document(s) or information that is the subject of such claim; or (b) inform the disclosing party in writing that it objects to the assertion of such claim. If the non-disclosing party objects or fails to respond to the assertion of such claim, then the non-disclosing party agrees not to make use of or otherwise disclose or publicize in any manner any such

document(s) or information that is the subject of such claim until the Court is afforded the opportunity to review and decide upon such claim in response to the disclosing party's request for adjudication of such claim by the Court.

### F. Dispositive Motions.

Dispositive motions will be filed on or before **DECEMBER 17, 2020**.

### G. Joint Trial Memorandum.

Joint Trial Memorandum required by the standing order on trial memoranda in civil actions will be filed by the latter of **DECEMBER 17, 2020** or 60 days after the Court's ruling on any dispositive motion.

## VI. TRIAL READINESS:

The case will be ready for trial one month after the submission of the Joint Trial Memorandum.

As an officer of the Court, the undersigned counsel agree to cooperate with the each other and the Court to promote the just, speedy and inexpensive determination of this action.

| | |
|---|---|
| PLAINTIFF,<br>WAYNE COOKE | DEFENDANTS,<br>DANIEL SHAPIRO and DIANA ROSS |
| By /s/ David S. Doyle, Esq.<br>David S. Doyle, Esquire<br>ct02987<br>The Marcus Law Firm<br>275 Branford Road<br>North Branford, CT  06471<br>(203) 481-3330<br>ddoyle@marcuslawfirm.com | By /s/ Katherine E. Rule, Esq.<br>Thomas R. Gerarde, Esq.<br>ct05640<br>Katherine E. Rule, Esq.<br>ct27630<br>Howd & Ludorf, LLC<br>65 Wethersfield Avenue<br>Hartford, CT  06114-1121<br>(860) 249-1361<br>tgerarde@hl-law.com<br>krule@hl-law.com |
| | DEFENDANT,<br>MILONE & MACBROOM, INC.<br><br>By /s/ Timothy W. Donahue, Esq.<br>Timothy W. Donahue, Esq.<br>ct04339<br>Matthew H. Geelan, Esq.<br>ct26934<br>Donahue, Durham & Noonan, P.C.<br>741 Boston Post Road, Ste. 306<br>Guilford, CT 06437<br>(203) 458-9168<br>TDonahue@ddnctlaw.com<br>mgeelan@ddnctlaw.com |

## **CERTIFICATION**

   This is to certify that on May 23, 2019, a copy of the foregoing **RULE 26(f) REPORT OF PARTIES PLANNING MEETING** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

            /s/ Katherine E. Rule
            Katherine E. Rule