UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WAYNE COOKE, ET AL.<br>*Plaintiffs*,<br><br>v.<br><br>DANIEL SHAPIRO, ET AL.<br>*Defendants*. | No. 3:19-cv-371 (VAB) |

**ORDER ON THE ADMISSIBILITY OF DEPOSITION TESTIMONY**

Due to the unavailability of William Root ("Root"), Defendants have designated portions of the transcript of William Root on December 14, 2022, which Defendants propose to read to the jury in this case.

Under Rule 804 of the Federal Rules of Evidence, when the declarant is unavailable as a witness, his or her statements can be admitted as an exception to the rule against hearsay in limited circumstances, including "absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure: (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6)[.]" Fed. R. Evid. 804(a)(5). The specific exception applicable to William Root's testimony is Rule 804(b)(1), which states:

> (b) The Exceptions. The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> (1) Former Testimony. Testimony that:
>
>> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and

> (B) is now offered against a party who had--or, in a civil case, whose predecessor in interest had--an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Fed. R. Evid. 804(b). "[A]ll of the requirements of Rule 804(b)(1) must be met, including the 'similar motive 'requirement . . . [this] test must turn not only on whether the questioner is on the same side of the same issue at both proceedings, but also on whether the questioner had a substantially similar interest in asserting that side of the issue." *United States v. DiNapoli*, 8 F.3d 909, 912 (2d Cir. 1993) (discussing the "similar motive" requirement of Rule 804).

When all the requirements of 804(b)(1) are met, as they are in this case with Mr. Root's testimony, "[t]he court retains its normal discretion to exclude the evidence on other grounds such as lack of relevance[.]" *Li v. Canarozzi*, 142 F.3d 83, 88 (2d Cir. 1988) ("Under Rule 804(b)(1), the prior testimony of a person who (a) is unavailable, and (b) has testified at a proper deposition at which the party against whom the testimony is offered had an opportunity and similar motive to cross-examine him, is not excluded by the hearsay rule. The fact that prior testimony meets the criteria set by this Rule and hence is not excludable on the ground that it is hearsay, however, does not make it admissible. The court retains its normal discretion to exclude the evidence on other grounds such as lack of relevance, improper purpose, or undue prejudice.") (citations omitted). Put simply, even if admissible under Rule 804, "the admission of deposition testimony lies in the sound discretion of the trial court." *Polozie v. United States,* 835 F. Supp. 68, 71 (D. Conn. 1993).

As a result, the Court has reviewed the proposed deposition testimony submitted by the parties, had preliminary discussions with them regarding it, and applied other relevant Rules of Evidence to them, including but not limited to Rules 401, 403, 701, and 702 for relevance, undue

prejudice, and scope (i.e., within the scope of proper lay opinion testimony) in order to determine their admissibility.

Accordingly, the chart below summarizes the Court's rulings on the remaining disputed portions of deposition testimony.

| Root Transcript Page & Lines | Plaintiffs' basis for objection | RULING |
|---|---|---|
| 30:22 – 31:16 | Not responsive; beyond scope of question | MOOT— parties agreed to exclude entire portion |
| 36:1 – 37:2 | Not relevant or responsive; speculation; witness did not recall email. | SUSTAINED |
| 37:3 – 37:15 | No foundation; inadmissible opinion; speculation. | SUSTAINED |
| 39:23 – 40:12 | No foundation; improper opinion testimony; beyond scope of questions; speculation. | SUSTAINED |
| 41:16 – 43:7 | Not relevant to this case; no foundation; beyond scope of the questions. | MOOT— parties agreed to exclude entire portion |
| 56:13 – 57:13 | Not relevant; witness has no recollection of testimony; no foundation. | MOOT— parties agreed to exclude entire portion |
| 63:17-65:18 | No personal knowledge; no foundation; speculation; not responsive; beyond scope of questions. | SUSTAINED |
| 67:7 – 68:4 | No foundation; no personal knowledge; speculation; not responsive; beyond scope of question. | SUSTAINED |
| 76:15 – 76:16 | Not responsive; beyond scope of question; speculation; opinion. | SUSTAINED |

| 77:2 – 77:6 | Not responsive; no foundation; speculation. | SUSTAINED |
| 83:15 – 88:17 | Not responsive. | SUSTAINED |
| 85:19 – 86:11 | Not responsive; beyond scope of question; speculation. | SUSTAINED |
| 86:2 – 86:9 | No personal knowledge; no foundation; speculation; opinion. | SUSTAINED |
| 87:15 – 87:18 | No personal knowledge; not responsive; beyond scope of question; speculation. | SUSTAINED |
| 89:18 – 89:23 | No foundation; no personal knowledge; speculation; opinion. | SUSTAINED |
| 90:24 – 91:10 | Not responsive; beyond scope of question; speculation. | MOOT— parties agreed to exclude entire portion |
| 93:12 – 93:19 | Not responsive; beyond scope of question; speculation; opinion. | SUSTAINED |
| 94:20 – 95:4 | Not responsive; beyond scope of question. | SUSTAINED |

**SO ORDERED** at New Haven, Connecticut, this 9th day of March, 2024.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge